## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KRISTEN GIOVANNI, et al., | |
| *Plaintiffs,* | CIVIL ACTION |
| v. | NO. 16-04873 |
| UNITED STATES DEPARTMENT OF THE NAVY, | |
| *Defendant.* | |
| DOROTHY PALMER, et al., | |
| *Plaintiffs,* | CIVIL ACTION |
| v. | NO. 17-00765 |
| UNITED STATES DEPARTMENT OF THE NAVY, | |
| *Defendant.* | |

**PAPPERT, J.**                                                                    **December 16, 2019**

### MEMORANDUM

The Giovanni and Palmer families live in neighborhoods near facilities that were owned and operated by the United States Navy. After discovering that chemicals from the facilities infiltrated their water supply, Plaintiffs sued the Navy under Pennsylvania's Hazardous Sites Cleanup Act. The Navy has filed a Motion to Dismiss and one issue in the briefing turns on whether certain perfluorochemicals are considered "hazardous substances" under HSCA. With that motion pending, the Navy now moves to stay the case for six months while the Commonwealth of Pennsylvania and federal government consider listing perfluorooctane sulfonate ("PFOS") and

1

perfluorooctanoic acid ("PFOA") as hazardous substances under their respective

authorities.  For the reasons discussed below, the Court denies the Motion to Stay.

## I

Plaintiffs Kristen Giovanni and Dorothy Palmer first filed suit in 2016 seeking

relief under HSCA for the Navy's alleged improper disposal of contaminants and

hazardous substances at its facilities.  The Court previously dismissed the suits for lack

of jurisdiction. (Mem. Op. July 6, 2017, ECF No. 22.)  On appeal, the Third Circuit

Court of Appeals affirmed in part and vacated and remanded in part the Court's

decision.  *Giovanni v. U.S. Dep't of Navy*, 906 F.3d 94 (3d Cir. 2018).  Plaintiffs then

filed a Consolidated Complaint, (ECF No. 41), and in response, the Navy filed a Motion

to Dismiss, which is currently pending before the Court.  (ECF No. 43.)  Among other

things, the Motion to Dismiss argues that Plaintiffs' Consolidated Complaint fails to

state a claim for relief because neither PFOS and PFOA are defined as hazardous

substances under HSCA.  (Def's. Mot. to Dismiss 23–25, ECF No. 43.)  Plaintiffs

contend that both substances fall within HSCA's statutory definition of a hazardous

substance, but even if the Court were to conclude otherwise, federal and/or state

classification of PFOS and PFOA as hazardous substances "appears imminent."  (Pls.'

Resp. Opp'n to Mot. to Dismiss 21–22, ECF No. 45.)

## II

The Court has the inherent power to control its docket and incidental to this

authority is the power to stay proceedings.  *Bechtel Corp. v. Local 215, Laborers' Int'l

Union,* 544 F.2d 1207, 1215 (3d Cir. 1976).  The power to stay proceedings, however, is

extraordinary, disfavored, and requires the "exercise of judgment" and the "weigh[ing]

[of] competing interests and maintain[ing] an even balance."  *Id*. (quoting *Landis v. N.

*Am. Co.*, 299 U.S. 248, 254–55 (1936)).  The party moving to stay the case "bears the

burden of proof . . . and 'must make out a clear case of hardship or inequity in being

required to go forward.'"  *Hicks v. Swanhart*, 2012 WL 6152901 (D.N.J. Dec. 10, 2012)

(quoting *Landis*, 299 U.S. at 255).  In considering whether to grant a motion to stay, the

Court must consider: "(1) whether a stay will simplify the issues and promote judicial

economy; (2) the balance of the harm to the parties; and (3) the length of the requested

stay." *Smithkline v. Beecham Corp. v. Apotex Corp.*, 2004 WL 1615307 (E.D. Pa. July

16, 2004) (citing *Cheyney State Coll. Faculty v. Hufstedler*, 703 F.2d 732, 737–38 (3d

Cir. 1983)).

## III

## A

The Navy contends that the "requested stay could substantially narrow the

matters to be decided by the Court and avoid needless and duplicative litigation in this

case." (Def.'s Mot. to Stay 1, ECF No. 46.)  The Navy's arguments depend on either the

state or federal government actually implementing a law or regulation that would

classify PFOA and/or PFOS as hazardous substances.   First, the Navy claims that

staying the case could moot the hazardous substance issue from its Motion to Dismiss if

either the federal or state government classifies PFOA or PFOS as such. (*Id.* ¶ 3.)

Second, a stay would save the Court judicial resources and prevent inefficiency in the

event that the Motion to Dismiss would need to be relitigated.  (*Id.* ¶¶ 4–5.)  And third,

the Navy suggests that a stay would save both parties time, money and resources by

avoiding the potential of having to relitigate the hazardous substance issue.  (*Id.* ¶ 6.)

In response, Plaintiffs argue that there is no good reason to stay the case. (Pls.'

Resp. Opp'n Mot. to Stay ¶ 5, ECF No. 48.) They acknowledge that judicial economy is

a consideration for the Court, but submit that the interests of individuals affected by

the contamination should take precedence. (*Id*. ¶ 6.) Plaintiffs point out that this case

has been pending for three years, and in their perspective, a stay will only prolong the

Navy's avoidance of accountability in this litigation. (*Id*. ¶¶ 20–21.) Finally, Plaintiffs

concede that they have no way of knowing with any certainty when, or if, the state or

federal government will designate PFOS and PFOA as hazardous substances. (*Id*.

¶ 19.)

B

Plaintiffs have the better argument and the Court declines to stay the case. The

Navy has failed to demonstrate a clear case of hardship or inequity, and the Court is

not convinced that a stay will simplify the issues or promote judicial economy. *See*

*Hicks*, 2012 WL 6152901, at \*2. Neither the parties nor the Court can know with any

certainty whether the Commonwealth or the federal government will designate PFOS

or PFOA as a hazardous substance within six months. Moreover, the Navy presents no

claims of hardship or inconvenience sufficiently persuasive to overcome Plaintiffs'

interest in a just and speedy adjudication of the case. Although the parties may incur

additional expenses should there be a relevant law or regulation enacted requiring re-

litigation of an issue, staying the case is an extraordinary and disfavored remedy that is

not justified based on mere speculation. *See Bechtel Corp.*, 544 F.2d at 1215.

An appropriate Order follows.

BY THE COURT:


*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.